Milbourne v. Kelley.

---

No. 19,123.

F. D. MILBOURNE, *Appellant*, v. G. W. KELLEY, as Administrator, etc., *Appellee*.

SYLLABUS BY THE COURT.

1. LIMITATION OF·ACTIONS—*Time May Be Shortened by Amendment of Statute*. It is within the power of the legislature to amend a statute of limitation by shortening the time in which an existing cause of action may be barred, provided a reasonable time is given for the commencement of an action before the bar takes effect.

2. SAME—*Claim Against Estate—Barred by Amended Statute*. In an action to establish a claim against the estate of a deceased person it was shown that the letters of administration issued on December 10, 1910. At that time the statute (Gen. Stat. 1909, § 3516) allowed three years for the presentation of claims. An act which took effect on the 22d day of May, 1911 (Laws 1911, ch. 188), reduced the time to two years, with a provision that all demands not exhibited within two years shall be forever barred. Although the plaintiff had eighteen months after the act took effect in which he might have commenced his action, his claim was not exhibited until more than two years thereafter. *Held*, that he was allowed a reasonable time to pursue his remedy, and that the action is barred by the new statute.

3. SAME. The fact that the claim was filed in the probate court, and that the administrator had knowledge of it and had made efforts to adjust and settle it, will not suspend the statute nor estop the administrator from relying upon the bar of the statute.

48—93 KAN.

4. SAME. Nor will the plaintiff be heard to say that by reason of such acts and conduct of the administrator the period of eighteen months was not in this case a reasonable time.

5. SERVICES RENDERED ADMINISTRATOR—*No Claim Against Estate.* No cause of action against an administrator in his official capacity can be based upon services rendered him in the administration of the estate. (*Brown v. Quinton,* 80 Kan. 44, 47, 102 Pac. 242.)

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed January 9, 1915. Affirmed.

*Ezra Branine, Harry W. Hart,* both of Newton, and *W. E. Byers,* of Kansas City, Mo., for the appellant; *C. E. Branine,* of Hutchinson, of counsel.

*G. M. Clark,* of Peabody, for the appellee; *Warner, Dean, McLeod & Langworthy,* of Kansas City, Mo., of counsel.

The opinion of the court was delivered by

PORTER, J.: The action was commenced in the probate court to establish a claim against the estate of Thomas Kelley, deceased. From an order disallowing the claim an appeal was taken to the district court, where pleadings were filed. The district court held that the action was barred by the statute of limitation and sustained a demurrer to the petition. From this ruling the plaintiff appeals.

The letters of administration issued on December 10, 1910. At that time the statute allowed three years for the presentation of claims. By an act which took effect on the 22d day of May, 1911 (Laws 1911, ch. 188), the time was reduced to two years. Section 4 of the new act provides that all demands not exhibited within two years shall be forever barred. Section 11 amends section 3541 of the General Statutes of 1909, and provides that:

"No executor or administrator, after having given notice of his appointment as provided in this act, shall be held to answer to the suit of any creditor of the de-

ceased unless it be commenced within two years from the time of his giving bond."

The act expressly repeals the old law allowing three years in which to present claims. The plaintiff's claim was presented and notice served upon the administrator December 12, 1912, more than two years after the issuance of letters and the giving of the administrator's bond. The only question is whether the two-year statute controls in this action.

The plaintiff's main contention is based upon section 9037 of the General Statutes of 1909, which fixes the rules for the interpretation of statutes, and which provides that the repeal of a statute shall not "affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed." The contention, in other words, is that the administration of the estate was a "proceeding commenced," and the demand of the plaintiff was a "right accrued" under the statute repealed by the act of 1911.

Whether or not the administration of an estate may be regarded as a "proceeding commenced" it is unnecessary to decide; the only proceeding involved in this action is plaintiff's claim against the estate, and it was commenced by the service of the notice upon the administrator under the provisions of sections 91 and 92 (Gen. Stat. 1909, §§ 3526, 3527) of the executor's and administrator's act, as amended by the act of 1911. (*Hanson v. Towle, Adm'r,* 19 Kan. 273, 279; *Clifton v. Meuser,* 79 Kan. 655, 100 Pac. 645.) From the time notice was served upon the administrator the proceeding has been an action to recover upon a claim against the estate. Manifestly, when the appeal was taken to the district court from the order disallowing the claim the whole matter of the estate was not brought to the district court; nothing was appealed except this proceeding against the estate, and since it was not a "proceeding commenced" under the repealed

statute, but was commenced under the new statute, the latter controls. The legislature has full control over the remedy, and as the new statute affects the remedy only, the legislature could, without violating any rights of the plaintiff or of other parties similarly situated, reduce the period in which claims may be filed against the estates of decedents and substitute another statute of limitation. In *Keith v. Keith,* 26 Kan. 26, it was held that the two-year statute of limitations in force at the time of a tax sale could be extended to five years by the legislature without being open to the objection that it impairs the obligation of contracts in violation of the constitution of the United States. In the opinion it was said:

"The rights of parties in respect to contracts are liable to be affected in many ways by changes in the laws, but where such changes belong merely to the remedy, or to matters of evidence, such changes are not held by the decisions of the courts to impair the obligation of the contract. It is a general rule that the state has complete control over the remedies which it offers to suitors in its courts, and therefore we think the legislature, without the violation of any constitutional right, might repeal the statute of limitation of two years, and substitute a new one of five years." (p. 40.)

The statute providing rules for the construction of statutes contains no provision for the saving of a remedy or former procedure. In the recent case of *Bowen v. Wilson,* ante, p. 351, 144 Pac. 251, it was held that there is no vested right to an appeal, and that the legislature may take away from a defeated party the privilege before the appeal has been taken. To the same effect see *Coal Co. v. Barber,* 47 Kan. 29, 27 Pac. 114; *Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539. The plaintiff cites and relies largely upon the case of *Sohn v. Waterson,* 84 U. S. 596, 21 L. Ed. 737, where a Kansas statute of limitations was construed so that the limitation was held to commence

Milbourne v. Kelley.

when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided. The opinion, however, distinctly recognizes three different modes adopted by the courts for construing such statutes in order to avoid giving to the literal language an effect which would absolutely bar the cause of action as soon as the statute went into effect. In the opinion it was said:

"A Statute of Limitations may, undoubtedly, have effect upon actions which have already accrued as well as upon actions which accrue after its passage. Whether it does so or not will depend upon the language of the Act, and the apparent intent of the Legislature to be gathered therefrom. When a statute declares generally that no action, or no action of a certain class shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future. But if an action accrued more than the limited time before the statute was passed a literal interpretation of the statute would have the effect of absolutely barring such action at once. It will be presumed that such was not the intent of the Legislature. Such an intent would be unconstitutional. To avoid such a result, and to give the statute a construction that will enable it to stand, courts have given it a prospective operation. In doing this, three different modes have been adopted by different courts. One is to make the statute apply only to causes of action arising after its passage. But as this construction leaves all actions existing at the passage of the Act, without any limitation at all (which, it is presumed, could not have been intended), another rule adopted is, to construe the statute as applying to such existing actions only as have already run out a portion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires—which reasonable time is to be estimated by the court—leaving all other actions accruing prior to the statute unaffected by it. The latter rule does not seem to be founded on any better principle than the former. It still leaves a large class of actions entirely unprovided with any limitation whatever, or, as to them, is unconstitutional, and is

a more arbitrary rule than the first. A third construction is that which was adopted by the court below in this case, and which we regard as much more sound than either of the others." (p. 599.)

The second of these three recognized rules or methods of construction had already received the approval of the same court in *Ross et al. v. Duval et al.,* 38 U. S. 45, 10 L. Ed. 51. It has been the rule followed in this state from the earliest decisions. In *Morton v. Sharkey,* 1 Kan., Dass. ed., 535, it was said, "the legislature must give a reasonable time to bring suits on causes of action which are not barred by the existing law when the new one is enacted" (syl. ¶ 4), and it was held that where the act fails so to provide, suit may. be brought within a reasonable time after the passage of the new act. The case was cited with approval in *Shepard v. Gibson,* 88 Kan. 305, 306, 128 Pac. 371, where it was said in the opinion:

"It is competent, however, for the legislature to enact a statute shortening the period within which an action for the enforcement of a contract must be brought, if a reasonable time is allowed after the passage of the act in which to bring an action." (p. 306.)

It is settled by the great weight of authority, and is no longer disputed, that it is within the power of the legislature to amend a statute of limitations either by shortening or extending the time in which an existing cause of action may be barred, provided a reasonable time is given for the commencement of an action before the bar takes effect. In *Terry v. Anderson,* 95 U. S. 628, 24 L. Ed. 365, Chief Justice Waite used this language:

"The parties to a contract have no more a vested interest in a particular limitation which has been fixed, than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the

Legislature may change them at its discretion, provided adequate means of enforcing the right remain." (p. 633.)

To the same effect see *Sansberry v. Hughes,* 174 Ind. 638, 92 N. E. 783; *Culbreth v. Downing,* 121 N. Car. 205, 28 S. E. 294, 61 Am. St. Rep. 661; *Wooster v. Bateman,* 126 Iowa, 552, 102 N. W. 521; 19 A. & E. Encycl. of L. 169.

Certain facts are alleged in the petition which it is contended estop the administrator from setting up the bar of the statute. It is is stated that plaintiff's claim was filed in the probate court in January, 1911, and that the administrator had knowledge of the claim, and moreover, that the parties had made some efforts to settle it. It has been held, however, that no action of the administrator can suspend the statute, nor will any promise or acknowledgment of a claim by him have that effect. (*Collamore v. Wilder,* 19 Kan. 67; *Hanson v. Towle, Adm'r,* 19 Kan. 273; *Clawson v. McCune's Adm'r,* 20 Kan. 337; *Ætna Life Ins. Co. v. Swayze, Adm'x,* 30 Kan. 118, 1 Pac. 36.)

Two causes of action are set out in the petition. The second is for services rendered the defendant in the administration of the estate, and it is urged that this claim was not barred by any statute. Debts and obligations, however, which were not contracted by the decedent can not be made the basis for a claim against the estate. In a quite similar case (*Brown v. Quinton,* 80 Kan. 44, 47, 102 Pac. 242) the action was to recover for the services of attorneys employed by an administratrix in proceedings in behalf of the estate. It was held that the defendant was liable personally but not in her official character, and that no cause of action was stated against her as administratrix, or against the estate. Manifestly, the same principle applies here.

It follows that the demurrer to the petition was rightly sustained, and the judgment is affirmed.