(658 P.2d 1056)
No. 53,908

RACHELLE WHEELER, A Minor By and Through LEONARD A. WHEELER and CAROL WHEELER, Her Father and Mother, Natural Guardians and Next Friends, *Plaintiffs-Appellants,* v. FRANCIS XAVIER LENSKI, JR., M.D., *Defendant-Appellee.*

Opinion filed March 3, 1983.

*Andrew W. Hutton*, of Michaud, Cordry & Michaud, Chartered, of Wichita, for appellant.

*William Tinker, Jr.,* and *Eric E. Davis,* of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, for appellee.

*Charles R. Hay*, of Goodell, Stratton, Edmonds, Palmer & Wright, of Topeka, was on the brief *amici curiae,* for the Kansas Medical Society and Kansas Hospital Association.

Before ABBOTT, P.J., STEVEN P. FLOOD, District Judge assigned, and JOHN W. BROOKENS, District Judge Retired, assigned.

FLOOD, J.: This action was brought by appellants Leonard A. and Carol Wheeler, the adoptive parents of Rachelle Wheeler, a minor, to recover, on her behalf, damages for the negligence of defendant/appellee, Dr. Francis Xavier Lenski, Jr., during her birth and shortly thereafter in failing to diagnose and treat her hydrocephalic condition. Dr. Lenski was the treating physician of the natural mother at the birth of Rachelle Wheeler on June 8, 1971, and continued to treat Rachelle until September 15, 1971, when she was referred to a neurosurgeon who discovered and treated her hydrocephalus. As a result of this condition, Rachelle Wheeler suffers from spastic quadriplegia, visual impairment, and mental and motor retardation.

This suit was filed February 29, 1980, and the trial court held that it was barred by what is now K.S.A. 1982 Supp. 60-515(*a*).

This statute, enacted by the 1976 legislature, shortens the period of limitations for persons under eighteen years of age to an overall limitation of eight years "beyond the time of the act giving rise to the cause of action." Negligence of Dr. Lenski prior to February 29, 1972, would not, therefore, be actionable.

The plaintiffs have appealed asserting that the defendant/appellee waived this defense by asserting it for the first time in an amended answer filed out of time and without permission, or that K.S.A. 1982 Supp. 60-515(a) violates their rights to due process and equal protection of the law.

Defendant's first answer on May 19, 1980, was filed nearly two months late and did not raise the statute of limitations as a defense. On June 26, 1980, an amended answer was filed, without court approval, which first asserted the statute. The parties continued discovery until the defendant moved for summary judgment on November 21, 1980, and the plaintiffs then, in response, objected to the amended answer. The trial judge noted that the plaintiffs had not requested a default judgment or filed a request to strike the amended answer but had continued discovery until the time to respond to the motion for summary judgment. The court held that the lapse of time and the failure to object to the pleadings was a waiver by the plaintiffs of their right to object. Amendments to the pleadings are within the sound discretion of the trial court and no error will lie unless such discretion is abused. *Commercial Credit Corporation v. Harris,* 212 Kan. 310, Syl. ¶ 1, 510 P.2d 1322 (1973). The trial court here, in effect, allowed the amended answer. Abuse of discretion cannot be shown unless the adverse party can demonstrate prejudice. *Steele v. Harrison,* 220 Kan. 422, Syl. ¶ 6, 552 P.2d 957 (1976). The only prejudice suggested by appellants is that they spent four months in discovery before the amended answer was filed. They also spent considerable time and money in continuing discovery after the answer was filed and had adequate time and opportunity to respond to the motion for summary judgment. No prejudice or abuse of discretion is shown in allowing the amended pleadings to stand.

Prior to 1976, a minor or person under legal disability had one year after reaching the age of majority or the termination of disability to sue for damages. The 1976 legislature shortened this period to eight years as part of its response to the report and

recommendations of a special interim committee on medical malpractice. Report on Kansas Legislative Interim Studies to the 1976 Legislature, Part II, Special Committee on Medical Malpractice; L. 1976, ch. 254. Two other sections of this medical malpractice legislation have been held constitutional by the Kansas Supreme Court as having a reasonable basis in the need for doctors to procure medical malpractice insurance. *State, ex rel. Schneider v. Liggett,* 223 Kan. 610, 576 P.2d 221 (1978); *Stephens v. Snyder Clinic Ass'n,* 230 Kan. 115, 631 P.2d 222 (1981). It is clear from the legislative history that the "long-tail" of the statute of limitations regarding discovery of medical malpractice was of equal concern with respect to the limitations on injuries to minors and incapacitated persons, and therefore an attempt was made initially to copy the six-year statute of limitations of Indiana. Interim Committee Minutes, September 23-24, 1975, pp. 4-5. The Indiana Supreme Court has upheld their six-year statute of limitations against equal protection and due process attacks in *Johnson v. St. Vincent Hospital, Inc.,* _____ Ind. _____, 404 N.E.2d 585, 604 (1980). The court there said:

"The general purpose of a statute of limitations is to encourage prompt presentation of claims. *United States v. Kubrick,* (1979) 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259. . . .

"In balancing the interests involved here, the Legislature may well have given consideration to the fact that most children by the time they reach the age of six years are in a position to verbally communicate their physical complaints to parents or other adults having a natural sympathy with them. Such communications and the persons whom they reach may to some appreciable degree stand surrogate for the lack of maturity and judgment of infants in this matter."

The legislative history indicates the 1976 Kansas legislature used similar reasoning in reaching its decision to shorten the limitation for minors and other incapacitated persons. As such it had a reasonable basis for enactment of K.S.A. 1982 Supp. 60-515(*a*). Much of the reasoning of *Stephens v. Snyder Clinic Ass'n,* 230 Kan. 115, in upholding K.S.A. 60-513, is applicable to K.S.A. 1982 Supp. 60-515(*a*).

The appellants contend that because K.S.A. 1982 Supp. 60-515(*a*) is a general statute relating to minors and incapacitated persons, it does not deal directly with a health care crisis and should therefore be subject to a more rigorous "judicial scrutiny" test rather than the "rational basis" test. *Carson v. Maurer,* 120 N.H. 925, 424 A.2d 825 (1980). The New Hampshire statute dealt

with a special limitation for minors in medical malpractice actions and thus deprived these minors of a broader limitation for infants and mental incompetents in other personal injury actions. Kansas avoided this problem by making its statute applicable to all minors and incapacitated persons, and thus the Kansas statute has uniform application to all members within the class and does not violate equal protection. *Stephens v. Snyder Clinic Ass'n,* 230 Kan. at 131. Unless a classification involves fundamental rights or suspect classifications such as race, religion, or alienage, the reasonable basis test is the yardstick for measuring equal protection arguments. *New Orleans v. Dukes,* 427 U.S. 297, 303, 49 L.Ed.2d 511, 96 S.Ct. 2513 (1976). Statutes of limitations do not involve fundamental rights (*Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 89 L.Ed. 1628, 65 S.Ct. 1137 [1945]), and this one clearly does not deal with a suspect classification.

Appellee's due process argument is also without merit. When K.S.A. 60-515(*a*) became effective in July of 1976, Rachelle Wheeler was five years old. She still had three years in which her action could have been filed. Even if she had been eight years old, K.S.A. 1982 Supp. 60-515(*c*) would have allowed her action to be brought within two years. In *Milbourne v. Kelley,* 93 Kan. 753, 758, 145 Pac. 816 (1915), our court held:

"It is settled by the great weight of authority, and is no longer disputed, that it is within the power of the legislature to amend a statute of limitations either by shortening or extending the time in which an existing cause of action may be barred, provided a reasonable time is given for the commencement of an action before the bar takes effect."

Affirmed.