**Dina LESTER, Plaintiff,**

v.

**ELI LILLY AND COMPANY; E.R. Squibb & Sons, Inc.; Richardson Merrill Company; Abbott Laboratories; Merck & Company; the Upjohn Company; and Dexter Corporation, Defendants.**

**Civ. A. No. 87–2442–O.**

United States District Court,
D. Kansas.

Sept. 12, 1988.

S.W. Longan, III, Leawood, Kan., James C. Trickey, Overland Park, Kan., for Dina Lester.

Julie E. Howard, Shook, Hardy & Bacon, Overland Park, Kan., for Eli Lilly and Co.

Bruce Keplinger, Payne & Jones, Overland Park, Kan., for Richardson Merrill Co.

Michael E. Lazzo, Baker & Sterchi, Overland Park, Kan., Mary–Michael Kelly, Baker & Sterchi, Kansas City, Mo., for E.R. Squibb & Sons, Inc.

Robert S. Laverin, Boddington & Brown, Kansas City, Kan., Ernest H. Fremont, Jr., Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, Mo., for Merck & Co.

Paul C. Gurney, Holbrook, Ellis & Heaven, Kansas City, Kan., for Abbott Laboratories.

John W. Cowden, Karl F. Schmidt, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., A. Bradley Bodamer, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., for The Upjohn Co.

James D. Conkright, Blackwell Sanders Matheny Weary & Lombardi, Overland Park, Kan., for Dexter Corp.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This is a products liability action brought by plaintiff Dina Lester ("Lester") against the above-named defendants for injuries suffered as a result of ingestion by plaintiff's mother of the drug known as diethylstilbestrol ("DES"). The matter is before the court on several motions for summary judgment filed by defendants. Because the present motions dispose of this action on the statute of limitations question alone, none of the other grounds urged by the defendants will be discussed. Further, the court finds that oral argument on these motions would not be helpful and accordingly denies plaintiff's request for such argument.

The relevant Kansas statute of limitations, K.S.A. 60–513, states:

(b) Except as provided in subsection (c) of this section, the cause of action in this action [section] shall not be deemed to have accrued until the *act giving rise to the cause of action* first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of

the *act giving rise to the cause of action.*

K.S.A. 60–513(b) (emphasis supplied).

■ The question the court must decide is whether the phrase "act giving rise to the cause of action" means the same thing both times it appears in the statute. There is a split between the judges of this district over how the phrase should be read. Judge Kelly held in a recent case that the two "act giving rise" phrases should be read as referring to different events, *Colby v. E.R. Squibb & Sons, Inc.,* 589 F.Supp. 714 (D.Kan.1984), while Judge Rogers said that the two phrases refer to the same event, *Pursell v. Abbott Laboratories,* No. 81–4237 (D.Kan., *unpublished,* June 2, 1982). If this court adopts Judge Kelly's interpretation, then the first "act giving rise" phrase does not bind the court's application of the ten-year cutoff of liability. Thus, the relevant act in the first phrase would be plaintiff's mother's ingestion of DES, while the relevant act with respect to the second phrase would be plaintiff's discovery of the effects of that ingestion. Read in this manner, plaintiff would have ten years to file suit from the date she discovered she had a cause of action.

The alternative interpretation, adopted by Judge Rogers, construes both phrases as referring to the same act. Under this view, the ten-year limitation begins to run from the occurrence of the act referred to in the first "act giving rise" phrase, which in this case is the ingestion of DES by plaintiff's mother. Under this analysis, the ten-year limitation began to run from the time of ingestion, and expired at the latest, in 1970, ten years after plaintiff's birth.[1] We continue to believe that Judge Rogers' reading of the statute is sound and adhere to our previous holding in a similar products liability case, *Cowan v. Lederle Laboratories Div. of American Cyanimid Co.,* 604 F.Supp. 438 (D.Kan.1985).

While the court empathizes with the dilemma faced by plaintiff in having to file

---

1. The court finds that the term "act giving rise to the cause of action" in Kansas' tolling statute (K.S.A. 60–515(a)) must refer to the ingestion of DES by plaintiff's mother, thus making that statute unavailable to plaintiff. Indeed, of the two possible acts to which the tolling statute could refer, ingestion and discovery, only ingestion occurred during plaintiff's minority.

suit on a cause of action which she had no reason to know existed, the court is bound by the plain wording of the statute. Although the statute was amended in 1987, K.S.A. 1987 Supp. 60–513(b), the amendments did not change the ten-year limitation provision. This is especially significant, given that Judge Rogers' interpretation of 60–513(b) was rendered prior to the legislature's action.

In an effort to avoid the conclusion we believe to be sound, plaintiff cites a number of Kansas cases, all of which we believe are distinguishable.[2] In *Ruthrauff v. Kensinger*, 214 Kan. 185, 519 P.2d 661 (1974), the Kansas Supreme Court found that the fact of injury (the explosion of plaintiff's house) was immediately ascertainable, and therefore did not have occasion to apply the ten-year provision. Similarly, in *Roe v. Diefendorf*, 236 Kan. 218, 689 P.2d 855 (1984), the court construed only the part of 60–513(b) which related to the accrual of a cause of action for purposes of determining when the two-year limitation began to run. Finally, the court can find nothing in Judge Gard's commentary on 60–513(b) that is inconsistent with the court's conclusion. Indeed, he states that the relationship between the two- and ten-year provisions is such that "the action may be brought within two years from the time the actual injury is discovered but not later than ten years from the time the injury actually occurs." 1 Gard, *Kansas Code of Civil Procedure 2d Annotated* § 60–513 p. 26.

■ Plaintiff also alleges fraud in her complaint, which ordinarily would toll the statute of limitations until discovery of the fraud. Merely pleading fraud is insufficient, however, to make available the tolling provision of K.S.A. 60–513(a)(3). As the court stated in *McCoy v. Wesley Hospital & Nurse Training School*, 188 Kan. 325, 362 P.2d 841 (1961), the provision applies "only when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action, or to prove fraud to entitle him to relief." *Id.* at 331, 362 P.2d 841. Such a pleading is clearly not required in a products liability action. Accordingly, K.S.A. 60–513(a)(3) is unavailable to plaintiff.

■ Finally, plaintiff argues that K.S.A. 60–513(b), as applied by the court, is unconstitutional under both section 18 of the Kansas Bill of Rights and the equal protection clause of the Fourteenth Amendment to the United States Constitution. It is clear that state statutes, including statutes of limitation, need only pass the "rational basis" test when challenged under the equal protection clause of the fourteenth amendment, absent a suspect classification in the statute, such as race, gender, or illegitimacy. *See Clark v. Jeter*, 486 U.S. ——, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988). Because there is no such suspect classification involved in K.S.A. 60–513(b), the appropriate inquiry is whether the Kansas Legislature had a rational basis for enacting the law. Moreover, the Kansas Supreme Court applies that same standard, whether the challenge is based upon due process or equal protection. *Wheeler v. Lenski*, 8 Kan.App.2d 408, 658 P.2d 1056, *pet. for rev. den.*, 233 Kan. 1093 (1983). Under the circumstances, the court cannot say that either the legislature's initial choice limiting actions in this way or its choice to retain the limit in 1987 were irrational. *See also Stephens v. Snyder Clinic Ass'n.*, 230 Kan. 115, 631 P.2d 222 (1981).

In essence, all of plaintiff's arguments are directed at convincing the court that it should ignore the "in no event shall the period be extended" language of 60–513(b). For the reasons discussed we cannot do so. Accordingly, we hold that plaintiff's claims are barred by the Kansas statute of limitations.

---

2. Plaintiff also cites *Williams v. Borden, Inc.*, 637 F.2d 731 (10th Cir.1980), in which the Tenth Circuit read into Oklahoma's two-year statute of limitations a discovery provision similar to the ten-year provision of 60–513(b). The issue in the case at bar, however, is not whether this court should act in the Kansas Legislature's place, but rather whether the court should second-guess what the legislature has already decided on this issue. The court is not willing to disturb the legislature's choice.

IT IS THEREFORE ORDERED that defendants' motions for summary judgment are granted.