(762 P.2d 198)

No. 61,914

In the Matter of the Estate of JOSEPH W. FORRESTER, deceased.

Opinion filed October 14, 1988.

*Sheila P. Hochhauser*, of Myers & Pottroff, of Manhattan, for the appellants.

*R. Edgar Johnson*, of Junction City, for the appellee.

Before BRISCOE, P.J., LARSON, J., and HARRY G. MILLER, District Judge Retired, assigned.

BRISCOE, J.: The four children of Joseph W. Forrester, deceased, appeal the admission of Forrester's will to probate. They contend the trial court erred when it held (1) that the petition for probate was timely filed; (2) that Forrester possessed testamentary capacity; and (3) that Forrester was not unduly influenced

by the sole beneficiary, Charles Chartier. We find the petition was untimely filed and, therefore, do not address the remaining issues.

K.S.A. 59-617, which was in effect when the testator died on April 2, 1985, provided:

"No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within nine (9) months after the death of the testator, except as hereinafter provided."

This statute was amended by K.S.A. 1985 Supp. 59-617, effective July 1, 1985, to shorten the period for filing a petition for probate from nine months to six months after the death of the testator. K.S.A. 1985 Supp. 59-617 provided:

"No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as hereinafter provided."

K.S.A. 1985 Supp. 59-617 was in effect when the petition for probate of Forrester's will was filed on December 31, 1985.

The trial court held that, regardless of which limitation period was applied, the petition for probate filed December 31, 1985, was timely filed. In applying the nine-month period, the petitioner had until January 2, 1986, to file a petition. In applying the six-month period and counting from the effective date of the amendment, July 1, 1985, the petitioner had until January 1, 1986, to file. According to the trial court, since the testator died before the effective date of the amended statute, the petitioner would be allowed a full six months from the effective date to file the petition. Appellants argue the amended statute should apply to bar the petition. They argue the amended statute was in effect when the petition was filed and required the petition to be filed within six months of the testator's death, or on or before October 2, 1985.

The general rule often stated is that a statute operates *prospectively* unless the language of the statute clearly shows that it is the intention of the legislature that it operate retrospectively. *In re Estate of Laue*, 225 Kan. 177, 187, 589 P.2d 558 (1979). It is also the rule that, when a change of law merely affects the remedy or the law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether suit has been instituted, unless there is a

saving clause as to existing litigation. *In re Estate of Laue*, 225 Kan. at 188. Statutes of limitation are considered to be remedial rather than substantive in that they bar only the remedy and not the right. *Strecker v. Wilkinson*, 220 Kan. 292, 298, 552 P.2d 979 (1976). K.S.A. 59-617 is a statute of limitations as it affects only a party's remedy and not his or her rights or obligations. *In re Estate of Reed*, 157 Kan. 602, 608, 142 P.2d 824 (1943). Therefore, K.S.A. 59-617 may be applied retrospectively to causes of action which accrued prior to its effective date.

In ruling that the petition was timely filed, the trial court relied upon *In re Estate of Reed*, 157 Kan. 602. In *Reed*, the Supreme Court was interpreting G.S. 1935, 59-617 (1941 Supp.), the predecessor to K.S.A. 59-617. Prior to the enactment of G.S. 1935, 59-617 (1941 Supp.), effective July 1, 1939, there was no statute limiting the time within which a will should be admitted to probate. Pursuant to G.S. 1935, 59-617 (1941 Supp.), an application for probate was to be filed within one year of the death of the testator. In *Reed*, the testator died on September 15, 1936, and a petition to probate his will was filed September 14, 1939.

In *Reed*, 157 Kan. at 609, the court concluded that:

"the statute in force at the time the application for probate of the will was filed controls, *if it can be determined the new enactment gives a reasonable time for the commencing of a proceeding to probate a will before the expiration of the limitation provided for therein*, in cases where a decedent died prior to the date it became effective." (Emphasis added.)

After noting the new statute did not contain a provision for cases where the testator died prior to the statute's effective date, the *Reed* court applied the rule set forth in *Estate of Whiting*, 110 Cal. App. 399, 294 Pac. 502 (1930):

" 'The general rule applicable in such cases is pertinently stated by Mr. Wood in his work on Limitations, as follows (section 12): "If before the statute bar has become complete the statutory period is changed, and no mention is made of existing claims, it is generally held that the old law is not modified by the new, so as to give to both statutes a proportional effect; but that the time past is effaced, and the new law governs. That is, *the period provided by the new law must run upon all existing claims, in order to constitute a bar.* In other words, *the statute in force at the time the action is brought controls*, unless the time limited by the old statute for commencing an action has elapsed, while the old statute was in force, and before the suit is brought, in which case the suit is barred, and no subsequent statute can renew the right or take away the bar." (Citations.)' (p. 402.)" *Reed*, 157 Kan. at 609. (Emphasis added.)

The court in *Reed* concluded that the legislature intended to

provide a reasonable time for the filing of a petition for probate and that one year was a reasonable time in which to file the petition. The court then held, by applying the rule set forth in *Whiting*, that the filing of a petition within two and one-half months from the *effective date* of the statute was within a reasonable time and was within the limitation fixed by the statute then in force and effect.

The trial court in the present case reached the following conclusions based upon its reading of *Reed*:

"In essence, the principles stated in the *Reed* case concerning limitation periods changed after a valid cause of action arises and the new statute is silent as to the application of the limitation period on said prior existing cause of action, then the prior existing cause of action is limited to the prior period or the running of the limitation period as if the cause of action had arisen on the effective date of the act, whichever is shorter."

We do not agree with this construction of *Reed*. The *Reed* court said nothing about both the prior and the amended statute applying to the existing cause of action. In *Reed*, the court applied only the amended statute which was in effect when the petition was filed. The issue for the court in *Reed* was whether the one-year period for filing was to run from the testator's death or from the effective date of the amended statute. Were the amended statute to control in *Reed* where the testator died almost three years prior to the statute's effective date, there would be no reasonable time remaining for the commencement of a proceeding. A petition for probate would be untimely even if filed on the date the statute became effective. Therefore, the court in *Reed* ran the one-year period from the effective date of the statute in order to provide a reasonable time for the commencement of a proceeding.

The factual background in *Whiting* was similar to that in *Reed*. In *Whiting*, the will was admitted to probate on October 30, 1928. The statute in effect at that time provided one year after the will was admitted to probate for the filing of petitions to contest the will. This statute was amended effective August 14, 1929, to shorten the period. In *Whiting*, a petition to contest the will was filed October 28, 1929. As in *Reed*, the *Whiting* court concluded the petition was timely filed by running the six-month period of the amended statute from the effective date of the statute. Were the *Whiting* court to run the six-month period from the date the will was admitted to probate, the six-month period would have

elapsed prior to the effective date of the statute. As in *Reed*, this interpretation would have left petitioner without a reasonable time in which to file his petition under the time constraints of the amended statute.

Appellants contend the new statutory period applies in this case and accrued upon the death of the testator. Appellants rely on *Milbourne v. Kelley*, 93 Kan. 753, 145 Pac. 816 (1915). *Milbourne* involved L. 1911, ch. 188, § 11, which provided:

"No executor or administrator, after having given notice of his appointment as provided in this act, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within two years from the time of his giving bond."

The letters of administration and issuance of the bond occurred on December 10, 1910. At that time, the statute in effect allowed three years for the presentation of a claim. Effective May 22, 1911, the period was reduced to two years. Plaintiff's claim was made December 12, 1912. Therefore, if the new statutory period applied, the claim was barred.

The court in *Milbourne* held the claim was barred by the new statute. The court recognized the power of the legislature to shorten a limitation period if a reasonable time was provided to bring suits not barred by the old statute. If the new act did not make special provision, suit could be brought within a reasonable time after the passage of the act. The court found that, although plaintiff had 18 months after the act took effect in which to commence his action under the new statute, he did not do so. Therefore, he was allowed a reasonable time to commence the action and that action was barred under the new statute.

Appellants contend that, when the rule of *Milbourne* is applied to this case, the petition should be barred. Following the effective date of the amended statute, July 1, 1985, petitioner had three remaining months to file the petition within the shortened period.

Although this is a difficult case, we conclude the principles of *Reed* and *Milbourne* must apply to bar the petition in this case. Both cases support the rule that the statute in effect when the petition or claim is filed should apply if there is a reasonable time in which to commence a proceeding before the expiration of the shortened limitation period provided by the amended statute. Although the amended statute did not provide for cases in

which the testator died before the effective date in the statute, in this case there was a reasonable time—three months—in which petitioner could have acted under the amended statute. We also note the initial three-month period from the date of the testator's death to the effective date of the amended statute was not lost to petitioner. Although the statute in effect when the testator died provided nine months for the filing of a petition, petitioner was aware his time period for filing the petition was running during this initial three-month period.

Although the court in *Reed* held the new statutory period commenced upon the effective date of the statute and not upon the death of the testator, that case can be distinguished from the present case. In *Reed,* if the one-year statutory period was applied, the petitioner would have immediately been barred since one year had already passed when the statute became effective. Therefore, the only construction which would allow a reasonable period for filing a petition under the provisions of the amended statute without instantly barring the petition was to hold the new statutory period accrued at the effective date of the statute. The same rationale was followed in *Whiting.* In the present case, application of the statute did not preclude filing the petition since there remained a reasonable time after the effective date of the act to file the petition.

Our conclusion is also supported by *Wheeler v. Lenski,* 8 Kan. App. 2d 408, 658 P.2d 1056, *rev. denied* 233 Kan. 1093 (1983). In that case, the parents of a minor sued a doctor for damages the minor sustained at birth and shortly thereafter. When the minor was born on June 8, 1971, a person under legal disability had one year after reaching majority or the termination of disability to sue for damages. In 1976, the period was shortened to eight years beyond the act giving rise to the action. In response to the plaintiff's argument that the shortened period denied due process rights, the court noted that, when the new statute became effective, the minor was only five years old. Therefore, there were three years left in which to bring the action. In applying the shortened statutory period, the court cited with approval the rule from *Milbourne* which allowed the application of a shortened statute of limitations if a reasonable time remained for commencement of an action. Other jurisdictions have held that shortened limitation periods apply to accrued causes of

action if there remains a reasonable period after the effective date of the new statute in which to bring the action. *Anderson v. Wagner,* 79 Ill. 2d 295, 402 N.E.2d 560 (1979); *Walsh v. Halteman,* 403 N.E.2d 894 (Ind. App. 1980).

Petitioner was afforded a reasonable time in which to file his petition. According to one court, "reasonable time" must be of "sufficient duration to afford full opportunity to resort to the courts for enforcement of the rights on which the statute of limitations operates." *Macku v. Drackett Products Co.,* 216 Neb. 176, 182, 343 N.W.2d 58 (1984). In this case, petitioner had possession of the will and knew of the death of the testator. He was aware that his right to petition for probate of the will was subject to a statute of limitations. Given these facts, the three-month period following the effective date of the shortened limitation period provided petitioner a full opportunity to petition the court for admission of the will to probate.

Reversed and remanded with directions to the trial court to dismiss the petition.