No. 89,579

MELISSA SMITH, *Appellant*, v. YELL BELL TAXI, INC., A Kansas Corporation; and GLEN PUETT, a/k/a GLEN D. PUETT, JR., d/b/a YELL BELL TAXI, *Appellees*.

(75 P.3d 1222)

Opinion filed September 12, 2003.

*David P. Troup*, of Weary Davis, L.C., of Manhattan, argued the cause and was on the brief for appellant.

*Steven R. Fabert*, of Fisher, Patterson, Sayler & Smith, LLP, of Overland Park, argued the cause, and *Michael K. Seck*, of the same firm, was on the brief for appellees.

*Timothy A. Short*, of Short & Kennard, of Pittsburg, was on the brief for *amicus curiae* Kansas Trial Lawyers Association.

The opinion of the court was delivered by

GERNON, J.: This appeal reaches this court after the district court dismissed Melissa Smith's lawsuit against Yell Bell Taxi, Inc. (Yell Bell), holding that the statute of limitations barred her suit.

Smith was 17 years old when she was involved in an automobile accident with a taxi owned by Yell Bell. The accident occurred on March 1, 2000. Smith turned 18 on October 22, 2000.

Smith filed suit against Yell Bell and its owner, Glen Puett, on November 29, 2001. Smith served the defendants with summonses by delivering them to a clerk at Yell Bell's business address on December 3, 2001. On January 28, 2002, the defendants filed a joint answer to Smith's petition, along with a motion for an extension of time in which to file an answer. The court granted Yell Bell's motion for an extension of time.

On March 28, 2002, Smith requested an alias summons for Puett, which was served on Puett's wife at his home on April 10, 2002. The defendants filed an amended answer on April 25, 2002, raising insufficiency of process, insufficiency of service of process, and the statute of limitations as additional defenses.

The defendants also filed a motion to dismiss, contending that the statute of limitations had expired on Smith's 19th birthday and that service was improper because it was served on a Yell Bell clerk. The district court granted the defendants' motion to dismiss based on the statute of limitations, holding that pursuant to K.S.A. 60-

515(a), the time had expired for filing suit. Smith appealed, and we transferred the appeal to this court pursuant to K.S.A. 20-3018(c).

Pursuant to K.S.A. 2002 Supp. 60-513(a)(4), the general statute of limitations for a personal injury action is 2 years. Our task on appeal is to reconcile the general 2-year statute of limitations for such actions with K.S.A. 60-515(a), which reads in relevant part:

"[I]f any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, . . . such person shall be entitled to bring such action within one year after the person's disability is removed . . . ."

We are required to consider whether K.S.A. 60-515(a) is a tolling statute that applies only when a plaintiff needs to extend the statute of limitations under K.S.A. 2002 Supp. 60-513, as Smith contends, or if, as the defendants contend, the legislature intended for certain plaintiffs who were minors at the time the cause of action arose to have less than 2 years from the date of injury to file suit.

This precise fact pattern applied to K.S.A. 60-515(a) is a case of first impression for Kansas and requires us to interpret K.S.A. 60-515. The interpretation of a statute is a question of law over which this court has de novo review. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

The fundamental rule of statutory construction is that the intent of the legislature must govern if that intent can be ascertained. Courts presume that the legislature will express its intent through the language of the statutory scheme. When the language of a statute is plain and unambiguous, the court will not speculate about the legislative intent but must give effect to the intent as expressed without determining what the law should or should not be. *Biritz v. Williams*, 262 Kan. 769, 774, 942 P.2d 25 (1997) (holding that K.S.A. 60-515 tolled the application of K.S.A. 2002 Supp. 60-513 when decedent was mentally incompetent for 2 days before he died).

In a different factual scenario, this court has previously interpreted 60-515 to be a tolling statute. See *Biritz*, 262 Kan. at 774; *Gifford v. Saunders*, 207 Kan. 360, 363, 485 P.2d 195 (1971). In

*Biritz,* this court stated that K.S.A. 60-515 was intended "to mitigate the difficulties of preparing and maintaining a civil suit while the plaintiff is under a legal disability," and it "creates an alternative, but specific limitations period for persons under a legal disability." 262 Kan. at 774.

Kansas appellate courts have uniformly applied 60-515 to extend the statute of limitations for those under a legal disability. See *Biritz,* 262 Kan. at 776; *Lewis v. Shuck,* 5 Kan. App. 2d 649, 652, 623 P.2d 520, *rev. denied* 229 Kan. 670 (1981) (holding that tolling provisions of 60-515 apply only if the disability occurs during the running of the statute of limitations under 60-513); *Frost v. Hardin,* 1 Kan. App. 2d 464, 471, 571 P.2d 11 (1977), *aff'd* 224 Kan. 12, 577 P.2d 1172 (1978) (recognizing a child's right to sue for wrongful death pursuant to K.S.A. 60-515 when mother could not sue because her statute of limitations had lapsed); *Seymour v. Lofgreen,* 209 Kan. 72, 79, 495 P.2d 969 (1972) (action properly dismissed when plaintiff failed to bring action before statute of limitations had run, including the extended statute of limitations under 60-515); *Gifford,* 207 Kan. at 363-65 (upholding the application of 60-515 to extend the statute of limitations to any person under age 21, regardless of their marriage prior to turning 21).

No Kansas case has interpreted K.S.A. 60-515 to reduce the statute of limitations beyond that provided by K.S.A. 2002 Supp. 60-513. Defendants claim that K.S.A. 60-515 must be interpreted as it is literally written, but their argument fails to consider whether that interpretation can be harmonized with K.S.A. 2002 Supp. 60-513.

When construing statutes, courts are required to determine the legislative intent by considering the entire act. The court must reconcile different provisions to make them consistent, harmonious, and sensible. *KPERS v. Reimer & Koger Assocs., Inc.,* 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

The only interpretation of K.S.A. 60-515 that comports with the legislature's intent while harmonizing K.S.A. 60-515 with K.S.A. 2002 Supp. 60-513 is that urged by Smith. K.S.A. 60-515 extends the statute of limitations period set forth in K.S.A. 2002 Supp. 60-513 and cannot be applied to shorten it. Seventeen-year-old plain-

tiffs, like Smith, need not invoke the protection of K.S.A. 60-515 if it will not extend the statute of limitations period. Likewise, other plaintiffs suffering from a short-term legal incapacity, such as being in a coma, need not apply K.S.A. 60-515 unless it will extend the statute of limitations set forth in K.S.A. 2002 Supp. 60-513.

In support of their proposition that K.S.A. 60-515 imposes a shorter statute of limitations, defendants cite *Bonin v. Vannaman*, 261 Kan. 199, 929 P.2d 754 (1996); *Gilger v. Lee Constr., Inc.*, 249 Kan. 307, 820 P.2d 390 (1991); and *Seymour*, 209 Kan. 72. Neither *Bonin* nor *Gilger* apply the 1-year statute of limitations in K.S.A. 60-515. Instead, both of those cases apply the 8-year statute of repose set forth in the same statute. *Bonin*, 261 Kan. at 211; *Gilger*, 249 Kan. at 319.

Likewise, the *Seymour* case fails to support the defendants' proposition. The *Seymour* court dismissed the plaintiff's action as beyond the statute of limitations because the plaintiff either knew of her injury when she sought treatment with a new doctor, nearly 3 years before the action was filed, or she was legally incapacitated, thereby invoking the 1-year statute of limitations in K.S.A. 60-515(a), which lapsed before the action was filed. Essentially, the *Seymour* court refused to allow the plaintiff to have it both ways. She could not claim an inability to ascertain her injury while claiming that she was not legally incapacitated.

The defendants also contend that *Ripley v. Tolbert*, 260 Kan. 491, 498, 921 P.2d 1210 (1996), supports their position. However, the statement on which they rely is taken out of context and is limited as to whether K.S.A. 60-515 is procedural or substantive.

The *Ripley* court determined that the 1-year statute of limitations did not irrevocably bar the action. Instead, the action was barred by the 8-year statute of repose in K.S.A. 60-515. 260 Kan. at 498. The *Ripley* court further held that the plaintiff could not revive a cause of action for sexual abuse pursuant to K.S.A. 60-523 because the 8-year statute of repose in K.S.A. 60-515 barred the revival of the action. 260 Kan. at 511-13. Contrary to defendants' claim, *Ripley* does not stand for the proposition that K.S.A. 60-515 can be used to shorten the statute of limitations set forth in K.S.A. 2002 Supp. 60-513.

We conclude that the district court erroneously interpreted K.S.A. 60-515 to shorten the statute of limitations. K.S.A. 60-515 applies to extend the statute of limitations for persons under a legal disability while the statute of limitations is running. If a person does not need to extend the statute of limitations, he or she need not invoke the protection K.S.A. 60-515 offers.

Smith raises, tangentially, an assertion that K.S.A. 60-515 violates the Equal Protection Clause of the United States Constitution. The issue, as presented, is a conclusory assertion without further legal or factual support and will be considered abandoned, since it was only incidentally raised. See *Campbell v. City of Leavenworth*, 28 Kan. App. 2d 120, 126, 13 P.3d 917 (2000), *rev. denied* 270 Kan. 897 (2001).

Smith also contends that the district court erroneously considered the statute of limitations as an affirmative defense because the defendants raised it in an amended answer that was not filed in accordance with the Kansas Code of Civil Procedure. Defendants filed an amended answer without seeking permission from the court. Although the district court did not directly grant permission to file the amended answer, it did so by implication when it addressed the defendants' motion to dismiss on its merits.

Smith argues that the defendants were precluded from pleading the statute of limitations as an affirmative defense because they did not raise it in their original answer. Pursuant to K.S.A. 2002 Supp. 60-208(c), the statute of limitations must be pled as an affirmative defense in the answer. However, K.S.A. 2002 Supp. 60-215(a) permits a party to amend its pleadings:

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

When reviewing the district court's determination regarding the amendment of pleadings, an appellate court applies an abuse of discretion standard. To establish an abuse of discretion, the party

challenging the decision must demonstrate prejudice. *Wheeler v. Lenski*, 8 Kan. App. 2d 408, 409, 658 P.2d 1056, *rev. denied* 233 Kan. 1093 (1983).

In *Wheeler*, the Court of Appeals addressed the same situation presented here. The defendants in a negligence action raised the application of 60-515(a) in an amended answer filed without the court's permission. The district court granted the defendants' motion to dismiss, finding that the 8-year statute of repose precluded the plaintiff's claim. Although the district court's decision only addressed the admission of the amended pleading by implication, the *Wheeler* court determined that the plaintiff had not shown any prejudice and allowed the amended pleading. 8 Kan. App. 2d at 409. The petition was filed nearly 6 months after the 8-year statute of repose extinguished the plaintiff's cause of action, so the plaintiff could not have corrected the error even if the defense had been raised in the original answer. See 8 Kan. App. 2d at 408.

We conclude that Smith was not prejudiced by the district court's ruling, and there was no abuse of discretion in allowing the defendants to amend their answer.

However, the district court did not address specifically the issues surrounding the sufficiency of process. This court has established three exceptions to the general rule precluding review when issues were not determined by the district court. Those exceptions include: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case; (2) questions raised for the first time on appeal if consideration of the same is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal although that court may have relied on the wrong ground or assigned a wrong reason for its decision. *Jarboe v. Board of Sedgwick County Comm'rs*, 262 Kan. 615, 622-23, 938 P.2d 1293 (1997).

Since we are reversing the district court's ruling on the statute of limitations, the ends of justice exception applies here so as to avoid the issue coming up again on appeal.

The insufficiency of process and insufficiency of service of process defenses were not raised in the defendants' original answer,

which was filed on January 28, 2002. A responsive pleading to an answer is not permitted unless the court orders a reply. K.S.A. 60-207(a); see *Tabor v. Lederer*, 205 Kan. 746, 748, 472 P.2d 209 (1970). The district court did not order a reply in this case, so Smith could not have filed a responsive pleading to the defendants' answer. Consequently, the defendants had 20 days after they filed their original answer to file an amended answer, unless they were granted permission by the court or Smith consented. See K.S.A. 2002 Supp. 60-215(a). Smith did not consent to the filing of the amendment, so the defendants had to seek the court's permission before filing an amended answer. The defendants, however, did not seek the court's permission before filing their amended answer.

The court has discretion to determine whether an amendment should be allowed, but if the party challenging the amendment is prejudiced, the amendment should be denied. K.S.A. 2002 Supp. 60-215(a); *Wheeler*, 8 Kan. App. 2d at 409.

The district court allowed the defendants to file an amended answer 87 days after their original answer was filed. At that point in time, April 25, 2002, the 2-year statute of limitations had expired, and Smith had no time to correct any process error. We find, therefore, that Smith's motion to strike the parts of the amended answer relating to the insufficiency of process and service of process should be granted. The district court shall not consider the parts of the amended answer raising the defense of insufficiency of process and service of process.

Reversed and remanded with directions.

ABBOTT, J., not participating.

BRAZIL, S.J., assigned.