No. 74,583

JOLETA RIPLEY, *Appellant,* v. B.E. "JACK" TOLBERT and PEARL TOLBERT, *Appellees.*

(921 P.2d 1210)

Opinion filed July 12, 1996.

*Marlys A.K. Marshall*, of Marshall, Womack & Ingram, of Wichita, argued the cause and was on the briefs for appellant.

*James A. Cline*, of Toomey, Russell, Pilgreen & Innes, L.L.C., of Wichita, argued the cause and was on the brief for appellees.

*Mark A. Furney*, of Overland Park, was on the brief for *amicus curiae* Kansas Trial Lawyers Association.

The opinion of the court was delivered by

ABBOTT, J.: Plaintiff, Joleta Ripley, at age 50, filed a civil action against her biological father, B.E. "Jack" Tolbert, alleging he sexually abused her when she was a minor. Plaintiff also sued her biological mother, Pearl Tolbert, for not preventing the sexual abuse. Numerous counts were filed against both parents claiming childhood sexual abuse pursuant to K.S.A. 60-523; intentional infliction of emotional distress; negligence per se for violating criminal statutes which prohibit sexual conduct with children; negligence against Jack Tolbert for his failure to use ordinary care in allowing himself to be in Ripley's presence and for his failure to use ordinary care in seeking help for his irresistible impulses; and negligence against both defendants because they provided improper supervision, care, medical treatment, and psychological treatment for the plaintiff, all of which created an unreasonable risk of harm and injury to the plaintiff.

The pleadings reveal that the plaintiff was born on November 28, 1943, and that on or about April 18, 1991, she claims she spontaneously experienced a memory recall of her father sexually abusing her. Three days shy of the 3-year anniversary of this alleged memory, the plaintiff filed this action. In response to this petition, the defendants filed an answer and a motion to dismiss for failure to state a claim or in the alternative a motion for judgment on the pleadings. The court granted the defendants' motion to dismiss,

relying on *Swartz v. Swartz*, 20 Kan. App. 2d 704, 894 P.2d 209 (1995), and finding that the statute of repose extinguished the plaintiff's claims.

We have previously considered our scope of review in *Brugge-man v. Schimke*, 239 Kan. 245, 247, 718 P.2d 635 (1986), where we said:

"Our scope of review, where the trial court has sustained a motion to dismiss, is concisely defined in *Knight v. Neodesha Police Dept.*, 5 Kan. App. 2d 472, 620 P.2d 837 (1980):

" 'When a motion to dismiss under K.S.A. 60-212(b)(6) raises an issue concerning the legal sufficiency of a claim, the question must be decided from the well-pleaded facts of plaintiff's petition. The motion in such case may be treated as the modern equivalent of a demurrer.' Syl. ¶ 1.

" 'Disputed issues of fact cannot be resolved or determined on a motion to dismiss for failure of the petition to state a claim upon which relief can be granted. The question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim.' Syl. ¶ 2.

" 'In considering a motion to dismiss for failure of the petition to state a claim for relief, a court must accept the plaintiff's description of that which occurred, along with any inferences reasonably to be drawn therefrom. However, this does not mean the court is required to accept conclusory allegations on the legal effects of events the plaintiff has set out if these allegations do not reasonably follow from the description of what happened, or if these allegations are contradicted by the description itself.' Syl. ¶ 3."

The pleadings are not clear as to when the alleged abuse occurred, but it necessarily occurred before the plaintiff reached the age of majority. It is of no importance to this case whether we use the plaintiff's 18th birthday (November 28, 1961) or her 21st birthday (November 28, 1964) as her age of majority.

The bottom line is that plaintiff relies on K.S.A. 60-523, a statute enacted in 1992, for her cause of action.

K.S.A. 60-523 states:

"(a) No action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced more than three years after the date the person attains 18 years of age or more than three years from the date the person discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse, whichever occurs later.

"(b) As used in this section:

(1) 'Injury or illness' includes psychological injury or illness, whether or not accompanied by physical injury or illness.

(2) 'Childhood sexual abuse' includes any act committed against the person which act occurred when the person was under the age of 18 years and which act would have been a violation of any of the following:

(A) Indecent liberties with a child as defined in K.S.A. 21-3503 and amendments thereto; (B) aggravated indecent liberties with a child as defined in K.S.A. 21-3504 and amendments thereto; (C) aggravated criminal sodomy as defined in K.S.A. 21-3506 and amendments thereto; (D) enticement of a child as defined in K.S.A. 21-3509 and amendments thereto; (E) indecent solicitation of a child as defined in K.S.A. 21-3510 and amendments thereto; (F) aggravated indecent solicitation of a child as defined in K.S.A. 21-3511 and amendments thereto; (G) sexual exploitation of a child as defined in K.S.A. 21-3516 and amendments thereto; or (H) aggravated incest as defined in K.S.A. 21-3603 and amendments thereto; or any prior laws of this state of similar effect at the time the act was committed.

"(c) Discovery that the injury or illness was caused by childhood sexual abuse shall not be deemed to have occurred solely by virtue of the person's awareness, knowledge or memory of the acts of abuse. The person need not establish which act in a series of continuing sexual abuse incidents caused the injury or illness complained of, but may compute the date of discovery from the date of discovery of the last act by the same perpetrator which is a part of a common scheme or plan of sexual abuse.

"(d) This section shall be applicable to:

"(1) Any action commenced on or after July 1, 1992, including any action which would be barred by application of the period of limitation applicable prior to July 1, 1992:

"(2) any action commenced prior to July 1, 1992, and pending on July 1, 1992."

In dismissing the plaintiff's claim, the district court found that 60-515(a) applied to the plaintiff's claim before 60-523 was enacted in 1992. The district court also found that the 8-year statute of repose in 60-515(a) barred the plaintiff's claim prior to 1992. As such, the district court found that 60-523 could not revive the plaintiff's claim without unconstitutionally depriving the defendants of due process. In reviewing the district court's ruling, our first step is to determine whether 60-515(a) actually applied to the plaintiff's case before the enactment of 60-523. If so, the questions are, did the 8-year statute of repose in 60-515(a) bar the plaintiff's claim before 1992, and was such a bar unconstitutional?

K.S.A. 60-515(a), which was amended in 1992 to include the language italicized below when K.S.A. 60-523 was enacted, provides:

"(a) Effect. *Except as provided in K.S.A. 60-523*, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

"Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability."

According to the plaintiff, 60-515(a) does not now and has never applied to her causes of action. The plaintiff contends that 60-515(a) only applies to those causes of action which *accrue* while the plaintiff is less than 18 years old. The plaintiff asserts that her cause of action did not "accrue" while she was a minor because she did not reasonably ascertain her injuries or the cause of her injuries until her spontaneous memory of the incest on April 18, 1991, when she was 48 years old. Thus, the plaintiff contends that 60-515(a) and its 8-year statute of repose does not apply to her. Instead, the plaintiff points to other statutes, discussed later, which she asserts govern her claims. The plaintiff concedes that some statutes of limitations did bar her claim in 1992 when 60-523 was enacted. However, the plaintiff contends that these statutes of limitations were not substantive and did not implicate due process upon their expiration; thus, they were properly revived by the enactment of 60-523.

According to the plaintiff, her causes of action accrued in 1991 while she was an adult. Thus, the plaintiff contends that all the statutes which apply to adult causes of actions applied to her claim prior to 1992. For instance, the plaintiff asserts that K.S.A. 60-512, imposing a 3-year statute of limitations and no statute of repose to actions based upon statutory liabilities, applied to her sexual abuse claim when it accrued in 1991 because the claim is based on the defendant's violation of criminal statutes which prohibit sexual conduct with minors. Under 60-512, the plaintiff's first cause of action would have been timely filed in 1994 because it was filed within 3

years of the 1991 accrual of her action. As such, the plaintiff insists that her sexual abuse claim was not dead in 1992 and was not improperly revived by 60-523. Instead, the plaintiff contends that she simply chose to sue under the newly enacted 60-523 instead of under 60-512.

Likewise, the plaintiff asserts that K.S.A. 60-514, imposing a 1-year statute of limitations and no statute of repose on battery actions, also applied to her sexual abuse claim prior to 1992. Under this statute, the plaintiff's action would have been barred by the 1-year statute of limitations in 1992. An expired statute of limitations, as opposed to an expired statute of repose, is constitutionally revivable. Thus, according to the plaintiff, her sexual abuse/battery claim under 60-514 was revived in 1992 by 60-523. As such, the plaintiff contends that under 60-523, she had 3 years from the 1991 accrual of her claim to file her claim, which she did.

Finally, the plaintiff contends that K.S.A. 60-513(a)(4) applied to her other four causes of action when they accrued in 1991. K.S.A. 60-513(a)(4) imposes a 2-year statute of limitations and a 10-year statute of repose. Yet, the plaintiff asserts that the 10-year statute of repose in 60-523 was enacted after her father sexually abused her and does not apply to her claim. The plaintiff asserts that 60-513(a)(4), which applied to her claims when they accrued in 1991, only required her to file the claims within 2 years of accrual; since the plaintiff's claims became reasonably ascertainable or accrued in 1991, this 2-year statute of limitations under 60-513(a)(4) had not yet expired in 1992. Thus, according to the plaintiff, her claims were not barred by 60-513 when 60-523 was enacted in 1992. As such, when 60-523 was enacted in 1992, it did not need to revive the plaintiff's actions but simply became an alternative statute to sue under. When the plaintiff finally filed suit in 1994, the statute of limitations under 60-513 had expired, but the 3-year statute of limitations under 60-523 had not yet expired. Hence, the plaintiff contends that she timely filed her claims under 60-523. Based on these arguments, a threshold question is whether 60-515(a) and the accompanying statute of repose applies to the plaintiff's claims.

K.S.A. 60-515(a), with its 1-year statute of limitations and 8-year statute of repose, applies to persons who are under 18 "at the time the cause of action accrued or at any time during the period the statute of limitations is running." According to the plaintiff, her action was not reasonably ascertainable and did not accrue until 1991, when she was no longer under 18; thus, 60-515(a) does not apply to her. On the other hand, the defendants argue that the alleged act giving rise to the cause of action would have occurred while the plaintiff was under 18 and that the 8-year statute of repose began to run while the plaintiff was under 18; hence, 60-515(a) applies to the plaintiff's claim.

This court, in *Gilger v. Lee Constr., Inc.*, 249 Kan. 307, 319, 820 P.2d 390 (1991), ruled that "K.S.A. 60-515(a) triggers the eight-year statute of limitations for minors on the date of the negligent act." This language makes it clear that the 8-year statute of repose under 60-515(a) applies to all tortious acts committed while the plaintiff is a minor, regardless of how old the plaintiff is (a minor or an adult) when the action actually accrues. This interpretation of 60-515(a) is consistent with the purpose of a statute of repose.

The purpose of a statute of repose is explained in *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, Syl. ¶ 6, 831 P.2d 958 (1992).

"A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause of action after the passage of time even though a cause of action may not have yet accrued. It is substantive."

Since the plaintiff was a minor when the alleged sexual abuse occurred, the K.S.A. 60-515(a) 8-year statute of repose applies to all of the plaintiff's claims. This statute of repose barred all of the plaintiff's claims prior to 1992, the year 60-523 was enacted. Assuming the last act of sexual abuse occurred on the last day of the plaintiff's minority, the day before her 18th birthday, then the last act of sexual abuse occurred on November 27, 1961. Or, if age 21 is used as the age of majority, the age which Kansas law recognized as the age of majority until 1972 when age 18 became the age of majority, the last possible act of sexual abuse would have occurred

on November 27, 1964, the day before the plaintiff's 21st birthday. The 8-year statute of repose under 60-515(a) would have begun to run on the date of this last act. Thus, the statute of repose under 60-515(a) would have expired on November 27, 1969, or November 27, 1973. If the injury was reasonably ascertainable and accrued while the plaintiff was still a minor, then the plaintiff had 1 year from reaching the age of majority to file her claim. As such, the statute of limitations under 60-515(a) expired on November 28, 1962 (if age 18 is the age of majority), or November 28, 1965 (if age 21 is the age of majority), and barred the plaintiff's action prior to 1992. While expired, this was just a procedural statute of limitations and could be amended or revived at any time without due process implications. See *Harding*, 250 Kan. at 668-69. The defendants do not contest this. If the injury was not reasonably ascertainable and did not accrue until the plaintiff was an adult, then the plaintiff had 2 years from the date her injury became reasonably ascertainable to her to file her claim under 60-513(a)(4). The plaintiff claims that the cause of action accrued when she reasonably ascertained her injury on April 18, 1991. Thus, under the facts, the statute of limitations expired on April 18, 1993, and did not bar the action in 1992. Under either accrual date, the statute of limitations does not irrevocably bar the action, whereas, under both scenarios, the action was barred by the 8-year statute of repose under K.S.A. 60-515(a) in 1969 or 1973. We thus hold the plaintiff's action was barred by the K.S.A. 60-515(a) statute of repose.

Next, the plaintiff contends that if her action is barred by the 60-515(a) statute of repose, then 60-515 is unconstitutional. The plaintiff points out that 60-515(a) classifies plaintiffs who are under a legal disability, such as minority, incompetence or incarceration, and applies a shorter statute of repose (8 years) to these plaintiffs than the statute of repose which is applied to other plaintiffs (10 years) under 60-513. Also, the plaintiff contends that 60-515(a) and its 8-year statute of repose discriminate between minor plaintiffs, depending upon their ages. On the one hand, a minor who is subjected to negligence between the ages of 0-10 will never be able to bring a cause of action in his or her own name once he or she

turns 18 before the cause of action will have expired under the 60-515(a) statute of repose. On the other hand, a minor who is subjected to negligence between the ages 11-18 will be able to bring a cause of action in his or her own name once he or she turns 18 before the statute of repose expires. According to the plaintiff, such classification and discrimination violates the equal protection and due process rights guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and guaranteed in §§ 1, 5 and 18 of the Kansas Constitution Bill of Rights.

*Wheeler v. Lenski*, 8 Kan. App. 2d 408, 658 P.2d 1056, *rev. denied* 233 Kan. 1093 (1983), has addressed this issue. In *Wheeler*, the plaintiffs, who were adoptive parents of a minor, sued a doctor on the minor's behalf to recover damages for the doctor's negligence in treating the minor. The district court found that the plaintiffs' suit was barred by the 8-year statute of repose found in 60-515(a). The plaintiffs appealed, contending that 60-515(a) violated their rights to due process and equal protection of the law.

The Court of Appeals found that the shortened statute of repose for minors and others with disabilities found in 60-515(a) did not violate due process or equal protection. 8 Kan. App. 2d at 411. In so holding, the court analyzed the issue in the following manner:

"Prior to 1976, a minor or person under legal disability had one year after reaching the age of majority or the termination of disability to sue for damages. The 1976 legislature shortened this period to eight years as part of its response to the report and recommendations of a special interim committee on medical malpractice. Report on Kansas Legislative Interim Studies to the 1976 Legislature, Part II, Special Committee on Medical Malpractice; L. 1976, ch. 254. Two other sections of this medical malpractice legislation have been held constitutional by the Kansas Supreme Court as having a reasonable basis in the need for doctors to procure medical malpractice insurance. *State ex rel. Schneider v. Liggett*, 223 Kan. 610, 576 P.2d 221 (1978); *Stephens v. Snyder Clinic Ass'n*, 230 Kan. 115, 631 P.2d 222 (1981). It is clear from the legislative history that the 'long-tail' of the statute of limitations regarding discovery of medical malpractice was of equal concern with respect to the limitations on injuries to minors and incapacitated persons, and therefore an attempt was made initially to copy the 6-year statute of limitations of Indiana. Interim Committee Minutes, September 23-24, 1975, pp. 4-5. The Indiana Supreme Court has upheld their 6-year statute of limitations against equal protection and due process attacks in *Johnson v. St. Vincent Hospital, Inc.*, 273 Ind. 374, 404 N.E.2d 585 (1980). The court there said:

'The general purpose of a statute of limitations is to encourage prompt presentation of claims. *United States v. Kubrick,* (1979) 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259. . . .

'In balancing the interests involved here, the Legislature may well have given consideration to the fact that most children by the time they reach the age of six years are in a position to verbally communicate their physical complaints to parents or other adults having a natural sympathy with them. Such communications and the persons whom they reach may to some appreciable degree stand surrogate for the lack of maturity and judgment of infants in this matter.'

"The legislative history indicates the 1976 Kansas legislature used similar reasoning in reaching its decision to shorten the limitation for minors and other incapacitated persons. As such it had a reasonable basis for enactment of K.S.A. 1982 Supp. 60-515(a). Much of the reasoning of *Stephens v. Snyder Clinic Ass'n,* 230 Kan. 115, in upholding K.S.A. 60-513, is applicable to K.S.A. 1982 Supp. 60-515(a).

"The appellants contend that because K.S.A. 1982 Supp. 60-515(a) is a general statute relating to minors and incapacitated persons, it does not deal directly with a health care crisis and should therefore be subject to a more rigorous 'judicial scrutiny' test rather than the 'rational basis' test. *Carson v. Maurer,* 120 N.H. 925, 424 A.2d 825 (1980). The New Hampshire statute dealt with a special limitation for minors in medical malpractice actions and thus deprived these minors of a broader limitation for infants and mental incompetents in other personal injury actions. Kansas avoided this problem by making its statute applicable to all minors and incapacitated persons, and thus the Kansas statute has uniform application to all members within the class and does not violate equal protection. *Stephens v. Snyder Clinic Ass'n,* 230 Kan. at 131. Unless a classification involves fundamental rights or suspect classifications such as race, religion, or alienage, the reasonable basis test is the yardstick for measuring equal protection arguments. *New Orleans v. Dukes,* 427 U.S. 297, 303, 49 L. Ed. 2d 511, 96 S. Ct. 2513 (1976). Statutes of limitations do not involve fundamental rights (*Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 89 L. Ed. 1628, 65 S. Ct. 1137 [1945]), and this one clearly does not deal with a suspect classification." 8 Kan. App. 2d at 409-11.

We agree. The shorter statute of repose in K.S.A. 60-515(a) does not violate due process or equal protection. Thus, this issue is without merit.

The plaintiff also contends that if her actions are barred by 60-515, then these actions were revived in 1992 upon the enactment of K.S.A. 60-523. K.S.A. 60-523 states:

"(d) This section shall be applicable to:

"(1) Any action commenced on or after July 1, 1992, including any action which would be barred by application of the period of limitation applicable prior to July 1, 1992."

" 'A statute operates prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively.' " *Harding v. K.C. Wall Products, Inc.*, 250 Kan. at 666 (quoting *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322, 324, 709 P.2d 983 [1985]). "The legislature has the power to revive actions barred by a statute of limitations if it specifically expresses its intent to do so through retroactive application of a new law." *Harding*, 250 Kan. at 669.

In K.S.A. 60-523, the legislature specifically expressed its intent that the statute operate retroactively and revive any action barred by a period of limitation prior to July 1, 1992, specifically if the action is barred by 60-515(a) prior to 1992. Here, the plaintiff's claims were barred by the 60-515(a) limitation period prior to 1992. If the action accrued while the plaintiff was a minor, the 1-year statute of limitation under 60-515(a) expired and barred the plaintiff's claim on November 28, 1962, or November 28, 1965. The 8-year statute of repose under 60-515(a) expired and barred the plaintiff's claim on November 27, 1969, or November 27, 1972. Thus, it is clear that plaintiff's claims were barred by a period of limitation, the statute of repose under 60-515(a), and possibly the statute of limitations under 60-515(a) prior to July 1, 1992.

The defendants concede that a statute can operate retroactively and revive causes of action previously barred by a procedural statute of limitations if this is the legislature's intent. However, the defendants argue that the legislature cannot apply a statute retroactively and disturb one's vested substantive rights in a statute of repose. To do so would be to take one's vested right without notice and violate the due process of law. Thus, the defendants contend that they had a vested due process right in the time bar defense that the plaintiff's claims were barred by the 60-515(a) 8-year statute of repose; when the legislature tried to revive the action barred by the substantive statute of repose, the legislature disturbed the defendants' vested rights in the time bar defense. Thus, according to the defendants, the revival by K.S.A. 60-523 of the plaintiff's claims, which were already barred by the 60-515(a) 8-year statute of repose when 60-523 was enacted, violated due process and was invalid.

The defendants' argument is based on an evolution of Kansas case law, including *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655; *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322; and *Swartz v. Swartz*, 20 Kan. App. 2d 704, 894 P.2d 209 (1995). On the other hand, the plaintiff contends that in *See v. Hartley*, 257 Kan. 813, 896 P.2d 1049 (1995), this court withdrew from the direction that this line of cases was headed. Moreover, the plaintiff contends that if the *Swartz* line of cases remains intact, then they are in direct conflict with *Wheeler v. Lenski*, 8 Kan. App. 2d 408, and must be altered in order to be reconciled with *Wheeler*. In order to analyze this issue, it is necessary to evaluate the evolution of the case law up until this point.

In *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322, the plaintiff/passenger sued several defendants to recover damages for the personal injuries she sustained in an automobile accident. The 2-year statute of limitations for the plaintiff to bring her action expired on June 30, 1983. The plaintiff filed her petition by this date but did not properly serve process on the defendants before the expiration of this statute of limitations. On July 1, 1983, 1 day after the plaintiff's statute of limitations expired, K.S.A. 60-203(b) became effective, allowing a party an additional 90 days to serve process on the defendants after the original service has been found invalid. The district court ruled that 60-203(b) could not be applied retroactively. Thus, the district court found that the plaintiff's service of process was invalid and dismissed the suit because the 2-year statute of limitations had expired before process was properly served.

The plaintiff appealed. While the legislature did not indicate an intent to apply 60-203(b) retroactively, the plaintiff contended that 60-203(b) was a *procedural* statute and could be applied retroactively. Yet, the defendants argued that the plaintiff's suit was barred by the 2-year statute of limitations before 60-203(b) became effective. Thus, the defendants asserted that their defense in the statute of limitations bar had become vested before 60-203(b) was enacted. As such, the defendants argued that the procedural statute could not be applied retroactively under these circumstances be-

cause such application would disturb the defendants' vested rights in the statute of limitations defense.

This court agreed with the defendants, stating:

"While generally statutes will not be construed to give them retrospective application unless it appears that such was the legislative intent, nevertheless when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a savings clause as to existing litigation. *Davis v. Hughes*, 229 Kan. at 101; *Lakeview Village, Inc. v. Board of Johnson County Comm'rs*, 232 Kan. 711, 659 P.2d 187 (1983).

"*While retrospective operation of procedural statutes has been allowed generally, where a vested right of defense exists prior to the effective date of the procedural statute, it would not be proper to allow the retrospective application of 60-203(b). Once it was established the defendants had never been served, the statute of limitations barred any further actions against them. Defendants had a vested right in the defense provided by the statute of limitations. There is no distinction between a vested right of action and a vested right of defense.* Accordingly, the general rule is that a vested right to an existing defense is protected in like manner as a right of action, with the exception only of those defenses which are based on informalities not affecting substantial rights. *Pritchard v. Norton*, 106 U.S. 124, 132, 27 L. Ed. 104, 1 S. Ct. 102 (1882). The trial court was correct when it determined that under the facts of this case K.S.A. 60-203(b) did not apply retrospectively and that Jackson's action was barred by the two-year statute of limitations." 238 Kan. at 324-25. (Emphasis added.)

In *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 (1992), the court was not pleased with the harsh result of *Jackson* because it disallowed retroactive application of new statutes to all statute of limitations which had already expired and vested in the defendant. Thus, the court tried to soften this rule by recognizing, for the first time, a distinction between statutes of limitations and statutes of repose. As such, the court found that statutes of limitations were merely procedural and could not grant vested rights. Thus, unlike *Jackson*, statutes of limitations *could* be amended by retroactive application of a new statute even if the limitations period had already expired before the effective date of the new statute. On the other hand, the court partially followed *Jackson* and found that statutes of repose were substantive and could grant vested rights in a time bar defense once they had ex-

pired. As such, statutes which became effective after a statute of repose had expired could not be applied retroactively and could not revive an action barred by an expired statute of repose without violating due process.

*Harding* involved a tort action by the plaintiff, individually and as an executrix of her husband's estate, against the defendant who sold the plaintiff's husband asbestos-containing drywall products for his paint contracting business. Alleging that her dead claim was revived by K.S.A. 60-3303, the plaintiff filed a negligence and strict liability action.

K.S.A. 60-3303 states in pertinent part:

"(d)(1) In a product liability claim against the product seller, the ten-year limitation, as defined in K.S.A. 60-513, and amendments thereto, shall not apply to the time to discover a disease which is latent caused by exposure to a harmful material, in which event the action shall be deemed to have accrued when the disease and such disease's cause have been made known to the person or at the point the person should have been aware of the disease and such disease's cause.

(2) The term 'harmful material' means . . . any chemical substances commonly known as asbestos . . . .

"(e) Upon the effective date of this act through July 1, 1991, the provisions of this subsection *shall revive* such causes of action for latent diseases caused by exposure to a harmful material for: (1) Any person whose cause of action had accrued, as defined in subsection (d) on or after March 3, 1987; or (2) any person who had an action pending in any court on March 3, 1989, and because of the judicial interpretation of the ten-year limitation contained in subsection (b) of K.S.A. 60-513, and amendments thereto, as applied to latent disease caused by exposure to a harmful material the: (A) Action was dismissed; (B) dismissal of the action was affirmed; or (C) action was subject to dismissal. *The intent of this subsection is to revive causes of action for latent diseases caused by exposure to a harmful material which were barred by interpretation of K.S.A. 60-513, and amendments thereto, in effect prior to this enactment."* (Emphasis added.)

The district court agreed with the plaintiff, finding that the plaintiff's claims were revived by 60-3303. The defendant appealed, contending any such revival of the plaintiff's claim by 60-3303 was unconstitutional. The issue was whether 60-3303 constitutes a taking of property and violates the due process protections provided in the Kansas and United States Constitutions. 250 Kan. at 661-62.

In analyzing this issue, this court started out with the premise that statutes are presumed constitutional. This court then acknowledged that it had never recognized a distinction between statutes of limitations and statutes of repose. Up until the *Harding* case, this court had treated all time limitations the same. At that time, a time limitation could be extended by a newly enacted statute if it had not already run out. Yet, if an action was already barred by an expired time limitation (statute of limitation or statute of repose), then the action could not be revived or extended by a newly enacted statute. 250 Kan. at 663-64 (citing *Jackson v. American Best Freight System, Inc.*, 238 Kan. at 325; *Bowman, et al., v. Cockrill*, 6 Kan. 311 [1870]; and *Morton v. Sharkey*, 1 Kan. 535 [1860]).

In *Harding*, this court held that K.S.A. 60-3303 could revive actions, even though the actions were barred by a statute of limitations before 60-3303 was enacted, and that such revival did not violate due process. In so holding, the *Harding* court recognized the distinction between statutes of limitations and statutes of repose by making the following analysis:

"We now turn to the Kansas Constitution Bill of Rights, § 18: 'All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law.' As previously pointed out, we have recognized a defendant has a vested right to a defense after the statute of limitations has run, except where no substantial rights are affected. See *Jackson v. American Best Freight System, Inc.*, 238 Kan. at 325. We have so held without distinguishing statutes of limitations from statutes of repose. Our failure to make this distinction makes it difficult to separate procedural law from substantive law. This is important to this case because the courts have historically recognized that legislatures may by express provision make procedural law retroactive because no property rights are involved. A different rule applies, however, to substantive laws. They affect vested rights and are not subject to retroactive legislation which would constitute the taking of property without due process.

"Even though the United States Supreme Court makes no distinction between statutes of limitations and statutes of repose, and we have not clearly expressed the distinction in our cases, we consider it important to explain the difference between the two theories. A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. It cuts off the remedy. It is remedial and procedural. A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause of action after the passage of time even though the cause of action may

not have yet accrued. It is substantive. Thus, Kansas constitutional protection applies only to statutes of repose because they pertain to substantive rights.

. . . .

"With our recognition of the distinction between statutes of repose and statutes of limitations, we modify the rule in *Morton v. Sharkey, Bowman, et al., v. Cockrill*, and other cases which prohibit the legislature from reviving causes of action barred by a statute of limitations. The legislature has the power to revive actions barred by a statute of limitations if it specifically expresses its intent to do so through retroactive application of a new law. The legislature *cannot* revive a cause of action barred by a statute of repose, as such action would constitute the taking of property without due process.

. . . .

"Let us now examine the applicable Kansas statutes. The standard two-year limitation of actions found in K.S.A. 1991 Supp. 60-513(a) is a statute of limitations. It fits the definition completely. However, the 10-year provision in K.S.A. 1991 Supp. 60-513(b), 'but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action,' is a statute of repose. It bars the cause of action after the 10-year period even though the action may not have yet accrued.

". . . K.S.A. 1991 Supp. 60-3303(e) applies retroactively only to the two-year statute of limitations, K.S.A. 1991 Supp. 60-513(a). As we previously noted, a defendant has no vested right in a statute of limitations. It is an expression of legislative public policy, is procedural, and may be applied retroactively when the legislature expressly makes it so. We hold K.S.A. 1991 Supp. 60-3303(e) is not in violation of either the Kansas or United States Constitutions." 250 Kan. at 667-70.

Relying directly upon the *Harding* case, the Court of Appeals addressed the same issue at stake in the *Ripley* case in *Swartz v. Swartz*, 20 Kan. App. 2d 704. In *Swartz*, the plaintiff, an adult daughter, sued her mother and adoptive father for damages arising out of childhood sexual abuse perpetrated on her by her adoptive father. The plaintiff was born on November 18, 1968. According to the plaintiff, her adoptive father sexually abused her between November 8, 1979, and September 27, 1982, when she was between the ages of 11 and 14 years old. The plaintiff also contends that her mother failed to properly supervise her during this time period. The plaintiff filed her petition on November 9, 1993, when she was 24. The petition alleged that the defendants were liable for negligence regarding the sexual abuse, for negligent infliction

of emotional distress, and for civil conspiracy to commit sexual abuse.

The district court found and the Court of Appeals agreed that the cause of action accrued in 1982, while the plaintiff was a minor. Thus, 60-515(a) applied to all of the plaintiff's claims. K.S.A. 60-515(a) tolled the statute of limitations until 1 year after the plaintiff reached the age of 18. The plaintiff turned 18 on November 18, 1986, and her causes of action were barred in 1987 by the 60-515(a) 1-year statute of limitation. K.S.A. 60-515(a) also barred all claims which were commenced 8 years after the time of the act giving rise to the cause of action. 20 Kan. App. 2d at 705-06.

Nonetheless, the plaintiff contended that K.S.A. 60-523 revived her dead lawsuit and gave her 3 years to file suit from the time in 1992 when she realized her emotional problems were related to the sexual abuse. Thus, the plaintiff asserts that she timely filed her suit in 1993.

Quoting this court in *Harding*, the Court of Appeals stated:

" 'The legislature has the power to revive actions barred by a statute of limitations *if it specifically expresses its intent to do so through retroactive application of a new law. The legislature cannot revive a cause of action barred by a statute of repose, as such action would constitute the taking of property without due process.'* " (Emphasis added.) 20 Kan. App. 2d at 708.

Based on this rule, the court attempted to determine whether 60-515(a) is a statute of limitations and validly revived, or a statute of repose and invalidly revived. In analyzing the issue, the Court of Appeals found that K.S.A. 60-515(a) "abolishes the cause of action after the eight-year period even though the action may not have yet accrued." 20 Kan. App. 2d at 708. Thus, the Court of Appeals found that K.S.A. 60-515(a) is a statute of repose which barred the plaintiff's claims in 1990, prior to the 1992 enactment of 60-523. As such, the court found that the plaintiff's claims could not be revived by 60-523 without violating due process and affirmed the district court's dismissal of the suit. 20 Kan. App. 2d at 708.

In spite of the *Swartz* case, the plaintiff herein still contends that 60-523 properly revived her claims. The plaintiff makes this argument even though her claims were barred by both the 60-515(a)

statute of limitations and statute of repose before 60-523 became effective in 1992. The plaintiff makes this argument by contending that *Swartz* and *Harding* are no longer good law. The plaintiff bases this assertion upon *See v. Hartley*, 257 Kan. 813, 896 P.2d 1049 (1995). According to the plaintiff, *Hartley* draws back from the previous clear demarcation between statutes of limitations and statutes of repose as enumerated in *Harding*. As such, the plaintiff contends that K.S.A. 60-515(a) is simply a statute of limitations and may be extended at the will of the legislature, even after it has expired, without violating due process.

*Hartley* involved a medical malpractice action arising out of a surgery performed on September 20, 1988. K.S.A. 60-513(a)(7) requires a plaintiff to file "[a]n action arising out of the rendering of or failure to render professional services by a health care provider" within 2 years of the plaintiff's injury becoming reasonably ascertainable and the accrual of the action. K.S.A. 60-513(c) also provides that in no event shall a medical malpractice action "be commenced more than four years beyond the time of the act giving rise to the cause of action." The alleged malpractice in *Hartley* occurred on September 20, 1988, and the plaintiff timely filed his original action on September 16, 1992. The suit was timely filed because the plaintiff's 2-year statute of limitations period was tolled while a malpractice screening panel determined whether the doctor had breached any duty. K.S.A. 65-4908. Also, the plaintiff filed his action within 4 years of the time of act giving rise to the cause of action. Then, on February 17, 1993, the plaintiff voluntarily dismissed the suit without prejudice. On August 16, 1993, the plaintiff refiled the action. Unfortunately, the 60-513(c) 4-year time limitation from the time of the act giving rise to the cause of action had expired. Thus, the defendant filed a motion for summary judgment, contending that plaintiff's action was barred by 60-513(c) because the 4-year statute of repose had expired. The district court denied the defendant's motion for summary judgment, finding that K.S.A. 60-518 saved the plaintiff's lawsuit. K.S.A. 60-518 provides:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall

have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives *may commence a new action within six (6) months after such failure."*

The issue in the *Hartley* case was "whether the plaintiff [could] voluntarily dismiss his lawsuit and refile it within the six-month savings period provided by K.S.A. 60-518, but after the expiration of the four-year period provided by K.S.A. 60-513(c)." 257 Kan. at 814.

Relying on *Harding*, the defendant argued that a 4-year time limitation in 60-513(c) is a substantive statute of repose. Thus, when the plaintiff voluntarily dismissed his claim after the statute of repose had expired, the plaintiff's action was instantly barred by the statute of repose, and the defendant instantly gained vested rights in this time bar defense. According to the defendant, a savings statute (60-518) could not reactivate a claim which is already barred by a statute of repose and disturb the defendant's vested rights in the time bar defense without violating due process. The defendant also argued that 60-513(c) is substantive and thus controlling over 60-518 because 60-518 is only procedural in nature. Finally, the defendant argued that the 60-513(c) 4-year statute of repose, as a substantive statute, was not tolled by 65-4908, the malpractice screening panel statute.

This court found that *Harding* and its distinction between statutes of limitations and statutes of repose were not applicable to the facts of the *Hartley* case. In so holding, the court stated:

"Prior to our opinion in *Harding*, the Kansas appellate courts had not specifically recognized a difference between statutes of limitation and statutes of repose. As early as 1870 this court, in *Taylor v. Miles*, 5 Kan. 498, 515 (1870) stated: [Statutes of limitation] are considered favorably as statutes of repose.' See also *A.T. & S.F. Rld. Co. v. Burlingame Township*, 36 Kan. 628, Syl. ¶ 1, 14 Pac. 271 (1887) ('Statutes of limitation are statutes of repose which are founded on sound policy.').

"While there are differences between statutes of limitation and statutes of repose, those differences are not as clearly defined as *Menne [v. Celotex Corp.*, 722 F. Supp. 662 (D. Kan. 1989)], *Harding [v. K.C. Wall Products*, 250 Kan. 655, 831 P.2d 958 (1992)], and *Wright [v. Robinson*, 262 Ga. 844, 426 S.E.2d 870 (1993),] might indicate. Both types of statutes constitute time limitations on the plaintiff 's right to recover for damages received as a result of the defendant's action or inaction. Thus, in the broader sense, a statute of repose constitutes one type or

form of a statute of limitations. Both types of statutes seek the same objective and are founded on the same basic philosophy. 'Statutes of limitation are statutes of repose, and, as such, are designed to secure the peace of society and to protect the individual from being prosecuted upon stale claims.' *Rochester American Ins. Co. v. Cassell Truck Lines*, 195 Kan. 51, 54, 402 P.2d 782 (1965).

"The essential difference between statutes of limitation and statutes of repose are based upon the time of the accrual of a cause of action and the effect of such accrual on the time limitation. K.S.A. 60-513(a) is the general statute of limitations for tort actions and provides for a two-year limitation period from the time the cause of action accrues. Ordinarily, a cause of action accrues at the time of the act giving rise to the alleged injury or damage. If the injury is not simultaneous with the act, it accrues at the time the injury becomes reasonably ascertainable. K.S.A. 60-513(c) applies the general rule for the accrual time of a cause of action for medical malpractice but, in addition, establishes a time limitation on the filing of an action even if the cause of action has not yet accrued." 257 Kan. at 819-20.

"When the . . . statutes are read together and the obvious intent of each statute is given effect in relation to the others, we conclude that the language 'and the time limited for [filing the action] shall have expired' in K.S.A. 60-518 and the language 'shall toll any applicable statute of limitations' in K.S.A. 65-4908 should be construed broadly to include any time limitation, regardless of whether it be denominated a statute of limitations or a statute of repose. See K.S.A. 60-102. The repose provisions of 60-513(c) are not applicable to defeat the savings clause of 60-518 when the initial action was timely filed, even though the second action is not filed until more than four years after the act which gave rise to the cause of action. Although there may be basic differences between statutes of limitation and statutes of repose as discussed in *Harding*, we do not find the difference in semantics or the procedural versus substantive argument persuasive under the facts of this case and the statutes discussed herein. The repose provisions of K.S.A. 60-513(c) simply do not apply under the facts of this case.

"We conclude that once an action is timely filed under the provisions of a so-called ordinary statute of limitations or within the applicable time limitations of a repose statute, such as K.S.A. 60-513(b) or (c), the action is then subject to the savings provision of K.S.A. 60-518. We also conclude that the tolling provision of K.S.A. 65-4908 is applicable to medical malpractice actions that might otherwise be barred by K.S.A. 60-513(c). In the instant case the original action, although filed more than two years after the cause of action arose, was timely filed because of the tolling provision of K.S.A. 65-4908. The first action, having been timely filed, was subject to the savings provision of K.S.A. 60-518, and therefore the second action was also timely and not barred by K.S.A. 60-513(c)." 257 Kan. at 822-23.

Thus, this court found that 60-518, the savings statute, could save a cause of action even if it was barred by an expired statute of repose. The court also stated in dicta that 65-4908, the tolling

provision for actions subject to the medical malpractice screening panel, tolls both a statute of limitations and a statute of repose.

However, *Hartley* is distinguishable from *Swartz*; thus, the *Swartz* rationale still controls the issue in this case. *Hartley* is distinguishable from *Swartz* because K.S.A. 60-518 and K.S.A. 65-4908 were enacted and effective statutes on the date the plaintiff's statute of repose expired. This was not the case in *Swartz*. In *Hartley*, the applicable laws, which were effective when the plaintiff's 4-year repose period expired, informed the defendant that the plaintiff's claim was not totally extinguished until the 6-month savings statute under 60-518 had run and the statute of repose had run after being tolled by 65-4908. As such, the defendant knew or should have known that the plaintiff's claim was not dead when the 4-year statute of repose technically expired and the defendant's rights in the time bar defense could not vest at this time. Thus, none of the defendant's vested rights were taken or disturbed by the revival of the plaintiff's claim under 60-518 and 65-4908. Since the defendant's vested rights were not taken, due process was not violated.

Like in *Swartz*, but unlike in *Hartley*, the revival statute in this case, K.S.A. 60-523, was not enacted or effective on the date the plaintiff's statute of repose expired. All the applicable, effective laws at the time the statute of repose expired informed the defendants that the plaintiff's claims were completely and totally extinguished. Thus, the defendants had no notice, except for knowledge that the legislature can amend laws in the future, that the plaintiff's claims might not be completely extinguished or might be revived later by a newly enacted statute when the statute of repose expired. As such, the defendants' rights in the time bar defense vested when the plaintiff's substantive statute of repose expired; the defendants' vested rights would have been taken if the plaintiff's extinguished claims had been revived in this case by 60-523, which was not effective when the statute of repose expired. If the defendants' vested rights would have been taken, due process would have been violated.

The plaintiff's statute of repose ran out in 1969 or 1972. There were no other applicable extension statutes effective at this time.

Thus, the plaintiff's claims were barred by the 60-515(a) substantive 8-year statute of repose before 60-523 became effective and cannot be revived by 60-523 without violating due process.

Finally, the plaintiff contends that *Swartz* is inconsistent with *Wheeler v. Lenski*, 8 Kan. App. 2d 408, 658 P.2d 1056, *rev. denied* 233 Kan. 1093 (1983). According to the plaintiff, the two cases are inconsistent because *Wheeler* refers to the 8-year limitation in K.S.A. 60-515(a) as a statute of limitations while *Swartz* holds that the 8-year limitation in 60-515(a) is a statute of repose. It is true that the cases use different terms to define the same time limitation; however, *Wheeler* was decided 9 years before this court recognized a distinction between statutes of limitations and statutes of repose in *Harding*. We do not think such a difference in terminology necessarily indicates that one of the cases must be overturned as inconsistent with the other case. Moreover, the holdings of the two cases are not inconsistent.

*Wheeler* found that the imposition of a shorter statute of limitations/repose on the claims of minors was enacted to keep medical malpractice insurance costs down and did not treat minors differently from other plaintiffs without a rational basis. Also, the *Wheeler* court found the minor plaintiff in the case was put on notice, while her claims was still alive, that her claims would be subject to a new 8-year time limit as promulgated in 60-515(a). The plaintiff had 3 years from the enactment of 60-515(a) in which to file her claim. Furthermore, if the plaintiff had not had any time left from the enactment of 60-515(a) to file her claim (because 8 years had already passed from the defendant's act), the statute provided 2 years to the plaintiff to bring her claim. As such, the enactment of the statute, K.S.A. 60-515(a), gave the plaintiff reasonable notice of this 8-year time limitation before her claims could be barred by it. Thus, the plaintiff's property, an accrued cause of action, was not taken without notice. The court found that 60-515(a) did not violate the minor's rights to due process or equal protection.

On the other hand, *Swartz* found that the revival of a claim, by a newly enacted statute, after the claim had already been extinguished by a substantive statute of repose which created vested

rights to a time bar defense in the defendant, took the defendant's rights without notice. Thus, the court found that 60-523 violated due process under these facts. Both of these cases and holdings follow constitutional principles. These cases and their holdings are not inconsistent with each other.

The plaintiff also contends that the district court erred in dismissing her claim based on a statute of limitations/repose defense. According to the plaintiff, the defendants should be equitably estopped from asserting the statute of limitations/repose defense. The plaintiff argues that parents of a child are similar to shareholders of a corporation. Thus, the plaintiff asserts that her parents should be estopped from alleging a time bar defense under the adverse domination doctrine just as shareholders are estopped from asserting such a defense. The plaintiff also argues that a party cannot take advantage of a time bar defense if the party's own concealment resulted in the delay in discovery of the alleged wrongful acts. Apparently, the plaintiff intended to argue at trial that the defendants' concealment of their alleged wrongful acts resulted in the plaintiff's delay of discovery of her injury and the subsequent bar of her claims by a statute of repose. As such, the plaintiff intended to assert that the defendants should be estopped from asserting a statute limitations/repose defense.

The defendants point out that the issue of equitable estoppel based on adverse domination and fraudulent concealment was not raised in the trial court. Issues not raised before the trial court will not be heard for the first time on appeal. *McCaffree Financial Corp. v. Nunnink*, 18 Kan. App. 2d 40, 59-60, 847 P.2d 1321 (1993); see *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987).

Affirmed.