(964 P.2d 699)
No. 78,740

MARK S. GIETZEN, *Appellant*, v. PAUL FELECIANO, JR., *Appellee*.

—

Opinion filed September 18, 1998.

*Aaron T. Blase*, of Law Offices of Blase & Blase, P.A., of Wichita, for the appellant.

*Steven W. Cole* and *Michael A. Barbara*, of Wichita, for the appellee.

Before LEWIS, P.J., GREEN and KNUDSON, JJ.

LEWIS, J.: In 1996, the plaintiff, Mark S. Gietzen, and the defendant, Paul Feleciano, Jr., were both candidates for election to the state senate in the 28th Senatorial District. Senator Feleciano was the incumbent, and Gietzen was the challenger. After the votes were counted, Senator Feleciano was reelected, and Gietzen filed this action, seeking to recover damages on the grounds of libel and other causes of action. The trial court granted summary judgment in favor of Senator Feleciano, and this appeal followed.

Our standard of review in cases wherein the trial court has granted summary judgment is quite well known:

"The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

"When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. [Citations omitted.] In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case.

". . . On appeal we apply the same rules, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Saliba v. Union Pacific R.R. Co.*, 264 Kan. 128, 131-32, 955 P.2d 1189 (1998).

The basis of Gietzen's action is a letter, which was sent to voters of the 28th Senatorial District by Senator Feleciano. This letter was mailed on or about November 1, 1996, and it advised the voters in pertinent part as follows:

"Unfortunately, for those of us who will not lie for any reason, the '**political lie**' seems to be more acceptable than it has ever been. My opponent, Mark Gietzen, is a case in point. Mark's favorite subject for any political discussion is '**family values**'. It seems ironic that this strong **family** advocate has a public record in Kansas courts of being just the opposite. His treatment of his wives show that actions do, indeed, speak louder than words.

"In July 1986, Mr. Gietzen was charged with **battery** (spousal abuse) of his first wife. As a result of this crime he was placed on **probation** for twelve months, and subsequently was **divorced**. In August of this year his second wife, of two and a half years, filed for **divorce**.

"If this constitutes Mr. Gietzen's philosophy of 'family values', can we **trust** his judgment in making decisions that will impact each and every one of you?"

Gietzen's cause of action is based on libel. Senator Feleciano filed a motion for summary judgment, in which he set out most of the facts which are recited in his letter to the voters. These facts were set out as uncontroverted statements of fact. While Gietzen responded to Senator Feleciano's motion for summary judgment, he did not controvert any of the uncontroverted statements of fact. It is well settled that uncontroverted statements of fact in a party's motion for summary judgment are deemed admitted by a party who fails to controvert those facts. See *Wiggins v. Housing Authority of Kansas City*, 19 Kan. App. 2d 610, 611, 873 P.2d 1377 (1994).

The net effect of Gietzen's failure to controvert the uncontroverted facts set forth in Senator Feleciano's motion for summary judgment is to admit that the facts stated in the motion for sum-

mary judgment are true. This admission effectively terminates Gietzen's libel action under the following rule:

"For there to be liability for defamation, there must be a publication of a matter that is both defamatory and false. In civil actions for libel where the defendant establishes the truth of the matter charged as defamatory, the defendant is justified in law, and exempt from all civil responsibility. [Citation omitted.] Where the published statements are substantially true, there is no liability and a motion for summary judgment is proper." *Ruebke v. Globe Communications Corp.*, 241 Kan. 595, 598, 738 P.2d 1246 (1987).

Under the law of libel, if what Senator Feleciano said about Gietzen in his letter to the voters was true, there was no libel. Gietzen has admitted that those statements were, in fact, true and correct, and the trial court did not err in granting Senator Feleciano's motion for summary judgment on the libel claim.

Gietzen next argues he has some cause of action against Senator Feleciano because the senator violated a pledge made in a statement prepared by the Kansas Commission on Governmental Standards and Conduct, entitled Statement of Fair Campaign Practices. As we understand it, this statement is prepared by the Commission, which then mails it to all candidates for their signatures. The statement which was signed and adopted by Senator Feleciano stated:

"I shall conduct my campaign in the best tradition, discussing the issues as I see them, presenting my record and policies with sincerity and frankness, and criticizing without fear or favor the record and policies of my opponent and his or her party which merit such criticism.

"I shall conduct my campaign without the use of vilification, character defamation, whispering campaigns, libel, slander, or scurrilous attacks on any candidate and his or her personal or family life.

. . . .

"I shall refrain from the unfair practice of publicizing campaign material detrimental to my opponent too near election day to permit my opponent's rebuttal."

Gietzen argues that by mailing out the letter described earlier to the voters, Senator Feleciano violated his campaign pledge in a number of respects and is liable in damages to him for so doing.

It appears to us that Senator Feleciano's letter may have indeed been a violation of the strict terms of his fair campaign practices pledge. The pledge does not differentiate between true and untrue statements used to vilify, defame, etc. It appears to us, then, that

any statement which vilifies, defames, or employs a scurrilous attack on any candidate and his or her personal or family life violates the pledge even if the statement may be factually correct. In the pledge, the senator agreed not to use these campaign tactics regardless of whether the facts used are true or untrue. The senator's letter to the voters was probably designed to vilify his opponent and may have been a scurrilous attack on Gietzen's personal and family life. This is true even though the facts used in the letter were true and accurate. In addition, by mailing the letter on November 1, 1996, the senator violated his pledge to refrain from utilizing campaign material detrimental to the opponent "too near election day to permit my opponent's rebuttal."

The question is, assuming Senator Feleciano's letter was a breach of his campaign pledge, whether that provides a cause of action for damages to his opponent. We conclude that it does not.

The statement signed by Senator Feleciano is provided for in K.S.A. 25-4119g. That statute is part of the Campaign Finance Act, K.S.A. 25-4101 *et seq.* There is nothing in the Campaign Finance Act which provides for the cause of action against one who violates the provisions of the statement of fair campaign practices. The legislature has provided that complaints concerning violations of the campaign finance act may be submitted to the Kansas Commission on Governmental Standards and Conduct, which has a statutory procedure for investigating such complaints. K.S.A. 25-4160; K.S.A. 25-4161.

The legislature saw fit to limit the relief from a violation of the campaign pledge to a complaint before the Commission. It did not provide a cause of action for damages in favor of a party aggrieved about a violation, and we will not read one into the statute.

We hold that the violation of the statement of fair campaign practices by a candidate who has signed and adopted that statement does not give rise to a cause of action for damages in favor of any party who is aggrieved or damaged thereby.

The trial court went on to hold there was additionally no contract between Gietzen and Senator Feleciano and no fraud or misrepresentation. We note, however, that Gietzen's petition did not assert breach of contract, fraud, or misrepresentation, and plaintiff

is barred from asserting those causes of action. See K.S.A. 1997 Supp. 60-209(b) (averments of fraud must be stated with particularity). Gietzen did not file an amended petition to set out any such causes of action. We agree with the trial court that there was no agreement between the parties and that defendant was not guilty of fraud or misrepresentation. However, we also conclude that Gietzen will not be allowed to raise those issues for the first time on appeal. See *Ripley v. Tolbert*, 260 Kan. 491, 513, 921 P.2d 1210 (1996).

Affirmed.